CHURCH OF GOD, APPELLEE, *v.* GLANN ET AL.;
SEUBERT ET AL., APPELLANTS.

(No. 4597—Decided January 28, 1952.)

*Messrs. Cline, Bischoff & Cook,* for appellee.
*Mr. George R. Effler* and *Mr. Joel S. Rhinefort,* for appellants.

CONN, J. This action was brought by plaintiff against defendants in the Court of Common Pleas of Lucas County, Ohio, to quiet the title to one acre of land, situated at the corner of Dorr street and Reynolds road in Adams township, Lucas county, Ohio.

The facts are not in dispute. The pleadings disclose the following material facts: On May 1, 1882, Henry P. Glann and Vincent Glann conveyed the premises by quitclaim deed to plaintiff's predecessors in title, to wit, Henry V. Hawkins, L. C. Rowe and Harvey Kellogg, trustees, "to have and to hold the same to them * * * their heirs and assigns forever, as fiscal trustees in trust * * *." On May 9, 1883, the trustees did

"bargain, sell and quitclaim" the land by quitclaim deed to The Woman's Christian Association, an Ohio corporation, "their heirs and assigns forever," and thereafter, on December 27, 1934, said association did "bargain, sell and convey" by warranty deed, said parcel of land to plaintiff, a charitable corporation, "its successors and assigns forever."

The deed to the trustees, above mentioned, contained the following provisions:

"To have and to hold the same to them the said Hawkins, Rowe and Kellogg their heirs and assigns forever, as fiscal trustees in trust for the purpose of erecting and maintaining thereon a Church and house of religious worship under the control of a benevolent and charitable association of the ladies and women of said township of Adams and the adjoining locality and with the duty and obligation hereby imposed to convey to the said association said real estate within two years herefrom whenever said association should be incorporated under the provisions of sections 3791, 3792 and 3793 of the Revised 'Statutes' of the state of Ohio. Now if said trustees or said association shall within two years herefrom erect upon said real estate a good and substantial Church or house of religious worship costing not less than twelve hundred dollars and shall thereafter keep and maintain the same as a place of religious worship and shall surround said premises with a good and substantial fence and shall maintain the same in good repair and convey said real estate to said association when the same shall be 'encorporated' and within two years herefrom and shall pay all taxes assessed or levied on said land then this conveyance shall be and remain in full force and effect otherwise the same shall be void and said real estate shall revert to 'to' the undersigned grantors."

It is stipulated that the several provisions above set

forth in the Glann deed were performed within two years, including the erection of the church building at a cost in excess of $1,200; that Henry P. Glann died February 21, 1899, and Vincent Glann died February 11, 1905; that defendants are all the known heirs of such decedents; that plaintiff intends to sell said real estate and is now seeking authority so to do at the price of $41,000; that plaintiff does not intend to disband or discontinue its religious purposes; that it has purchased property in the immediate area on Dorr street, two or three blocks from its present location, upon which it intends to erect a house of worship for the purpose of carrying on the work for which plaintiff was founded; and that plaintiff has the legal right to bring this action to quiet the title to such land.

The claim of defendants is grounded on the provisions in the deed, particularly that if the trustees or the association "shall thereafter keep and maintain the same as a place of religious worship * * * then this conveyance shall be and remain in full force and effect otherwise the same shall be void and said real estate shall revert to 'to' the undersigned grantors." By reason of this provision, the defendants urge that the Glann deed conveyed only a determinable fee, that if and when the use of the property conveyed was no longer devoted to church purposes, the estate of the grantees and their successors automatically terminated, and that thereupon the conveyance would be void. Consistent with this contention, defendants claim that the reverter clause in the deed was not necessary, being merely surplusage, and that the abandonment of the property for church purposes would give the defendants, as reversioners, the complete dominion of the land.

However, under the well-known rule, a court of equity regards a written instrument in its entirety and

considers it from the four corners in order to discover the true intention of the parties. In harmony with this rule, each and every part of the deed must be considered in relation to each other part. No portion of the deed in question may be disregarded or treated as surplusage, and technical terms and provisions can not prevail as against the apparent intention of the parties. 13 Ohio Jurisprudence, 891, 894, Sections 79 and 83; 16 American Jurisprudence, 527, Section 160; 26 Corpus Juris Secundum, 479, Section 146.

A concise statement of the rule now being considered is found in 8 Ruling Case Law, 1102, Section 160:

"In construing a clause which imports into an instrument a restriction or imposes an obligation not to do something, reliance should be placed on the known or supposable aim of the grantor, or on the sense of his act, having reference as well to the apparent object to be attained as to the mode resorted to in order to effect it. So where there is no apparent motive for either a condition or a covenant, the language in question will be taken as merely descriptive. Similarly, when it appears that no such interest exists in the grantors as demands a reservation of a condition, or makes it in the slightest degree important, the necessity for a technical construction ceases; and likewise it may be a good reason for holding that a clause was a mere covenant and not a condition, that under the circumstances strict construction of the clause will be profitless alike to the grantor and to the public."

The rule of strict construction quite generally obtains when a condition is inserted in a deed tending to destroy or lessen the estate granted, such as provisions for forfeiture and reversion; and where the language employed is not clear, doubts are resolved in favor of the grantee for the purpose of avoiding a forfeiture.

13 Ohio Jurisprudence, 963, 965, Sections 149 and 152.

It is our opinion that the Glann deed to the trustees conveyed a fee simple title, subject to the provisions above referred to, and that the deed from the trustees to the association also conveyed a fee simple title, with convenants of general warranty. None of the provisions in the original deed to the trustees was incorporated in the deed to the association and no reference was made to them. Many years later, December 27, 1934, the association conveyed the land to the plaintiff by deed in fee simple with covenants of general warranty, and this deed, like the deed that preceded it, contained no conditions or covenants limiting the use of the property.

Before entering into the consideration of the special provisions incorporated in the original Glann deed, we call attention to the several technical terms used by the authorities in referring to conditional fee simple estate, such as "a limitation," "conditional limitation," "a qualified," "base" and "determinable fee," "condition subsequent," and some others. Likewise, the right, title and interest remaining in the grantor is denominated as "possibility of reverter," "right of reversion," "possibility of forfeiture," "right to declare a forfeiture," "right of entry," etc. A conditional limitation, qualified, base or determinable fee appears to have one characteristic in common, and that is, the estate is created to endure "so long as," "during," "while," etc., a given state of circumstances exist and subject to be defeated when a change in such circumstances occurs, and thus is unlike an estate on condition subsequent, which does not terminate automatically but gives the reversioner a right of entry. 16 Ohio Jurisprudence, 463, Section 85.

Some authorities hold that the same words may be employed to create either a covenant or a condition,

but the legal responsibility for nonfulfillment is not the same. Where there is a breach of covenant, the remedy is by way of damages; but where there is a breach of a condition, a forfeiture usually results. 13 Ohio Jurisprudence, 956, Section 142; 8 Ruling Case Law, 1100, Section 158.

In an annotation in 7 A. L. R., 1429, the distinction between a condition and a covenant in a grant of land for church purposes is stated as follows:

"The rule that the question whether a provision in a deed constitutes a covenant or a condition depends on the intention of the parties, as gathered from the entire instrument, and that in case of doubt a covenant is favored rather than a condition * * *."

We have here the problem of construing the stipulations in the Glann deed within the limits of established rules in order to determine whether a court of equity should grant the prayer of plaintiff's petition notwithstanding plaintiff proposes to discontinue the use of its present church site for church purposes.

We call attention specifically to the provisions of the Glann deed and the duties imposed on the trustees in accepting the deed for the purposes of erecting thereon a "Church or house of religious worship," costing not less than $1,200; to keep and maintain the same as a place of religious worship; to surround said premises with a good and substantial fence and maintain the same in good repair; to convey the said real estate to said association, and "within two years herefrom" to pay all taxes; and then the conveyance shall remain in full force, otherwise the same shall be void and said real estate shall revert to the grantors.

As already pointed out, defendants contend that the provision "keep and maintain the same as a place of religious worship" is a condition creating a determinable fee. With this contention we are not in accord.

This conveyance is not limited by a "condition" in express terms, or that the estate should endure "so long as" or "while" the several provisions are observed. Further, the reverter clause runs to the grantors only, with no words of inheritance or succession. It is inferrable from the provisions in the deed and surrounding circumstances that in fixing a time limit of two years for the performance of these stipulations, the grantors were personally interested in having the improvements made promptly and the church established as a condition for the conveyance; that the parties did not intend to make a provision for a forfeiture beyond the two-year period or at any time thereafter; and that the provisions and stipulations were inserted in the deed to accomplish within a definite and limited time the objective of the parties.

Plaintiff cites the case of *First New Jerusalem Church* v. *Singer*, 68 Ohio App., 119, 34 N. E. (2d), 1007, and it appears that the factual situation is quite similar to the instant case. That case involved an action to quiet title to certain church property deeded to the trustees of the church December 10, 1849, "and their successors in office forever, to be held in trust by them for the purposes herein mentioned." The deed contained a condition that the property should be used for new church purposes "Provided that should it ever cease to be used for said purposes, that then the land is to return to its original owners, and the house thereon to return to the proprietors thereof." Plaintiff claimed that the above provision was a cloud on the title. The court pointed out that under the terms of the condition, the land should return to the original owners in event it ceases to be used for religious purposes, and not to their heirs and assigns; and that the "conditions" were in the nature of a covenant and not a limitation of the grant nor a reverter incorporating

words of perpetuity. It was held that the deed to the trustees conveyed an absolute fee simple title, and plaintiff's title was quieted.

It is not practicable to differentiate the cases or try to reconcile the apparent confusion which exists in construing conditions, limitations and covenants in deeds of conveyance which purport to provide for a forfeiture or for the right of re-entry. We have called attention to some general principles applicable to the case under consideration. The intention of the parties is the guiding principle. Since the intention must be gathered from the language employed in each individual case, when considered in the light of surrounding facts and circumstances, it follows that ''blue bottle'' cases are rarely discovered.

The record discloses that it is not the intent of plaintiff to disband or discontinue its religious purposes upon the sale of its present property, and that it has already acquired a more suitable site for its purposes in the same community and a short distance from its present location, where it intends to erect a new church building and to expend the proceeds from the sale of its present site for that purpose.

Upon the record before us, we conclude that plaintiff has an absolute fee simple title to said land and that the stipulations and provisions in the Glann deed, a predecessor in the chain of title, are a cloud on the title of plaintiff, and that plaintiff is entitled to a judgment in its favor and against the defendants, quieting its title to the premises in question, at defendants' costs.

*Judgment accordingly.*

FESS and SAVORD, JJ., concur.