CHURCH OF CHRIST, EAST SEVENTH AVENUE, PLAINTIFF, *v.* EZZELL ET, DEFENDANTS.

Common Pleas Court, Franklin County.

No. 218361.  Decided February 14, 1964.

90

*Mr. Vern E. Davis*, for plaintiff.

Sater, J. The Church of Christ, East Seventh Avenue, plaintiff herein, is the successor in title by deed from the Congregation of Christ to a parcel of land in this city, known as Lot No. 8 (Eight) in John Marzetti's North High Street Addition to the City of Columbus, Ohio, as the same is numbered and delineated upon the recorded plat thereof of record in Plat Book 3, page 308, in the office of the Recorder of this County. From the evidence that was adduced, it is indicated that plaintiff is simply the modern incorporated version of its unincorporated predecessor named above; but be that as it may, plaintiff is successor in title as stated with title to the premises changing to it in December, 1927.

In 1919 the Congregation of Christ acquired the above parcel of land for value, the deed being recorded in Deed Book 642, page 31, in the office of the same Recorder, and forthwith erected and used for purposes of worship their church structure thereon. This deed which is, of course, now in plaintiff's chain of title, contains the following provision:

"Upon the express conditions that no organ nor other musical instrument be used, nor advocated, nor kept; and that no fair, festival nor other practices, unauthorized in the New Testament, be held, had, nor conducted in, upon, nor about said premises, nor in any building constructed in, upon, nor about said premises, nor in any building constructed thereon;

nor shall any society (such as Christian Endeavor, Aid, Missionary, or any other Auxiliary) devised to do any part of either the work or worship of said congregation be decided by casting lots, using the ballot, voicing a vote, nor by any other means or method of the mapor* rule, except to vote for Trustees of the Congregation. And, in case any such said conduct, acts, or unauthorized practices are committed or performed in, upon or about such said premises, or any organ or musical instrument be introduced into any house or edifice erected on said premises, then said premises to become the property of such persons or person of said Congregation of Christ, who may be opposed to the organ or other musical instruments, festivals, or other things hereinbefore named, being used or kept, in said edifice or house erected on said lot or parcel of ground.''

No other land, either in the same subdivision or even in the whole area, has any such or similar restriction; it is unique to this one single lot of land alone, even though plaintiff owns other land not so restricted in the same area.

Both the grantee Congregation and also plaintiff grew in congregational size and membership until plaintiff has long outgrown the church structure with no room to expand on its own or on adjoining land. Further, the members' domiciles have expanded far beyond an erstwhile neighborhood group. Finally, the neighborhood of the church structure has over the years radically and drastically changed, As the result of the foregoing, plaintiff has now constructed a new modern church structure several miles distant from the original building described above, has moved into it and is regularly and constantly using it for its place of worship. Needless to say, it has in this process heavily indebted itself, while in all the meantime its old structure stands idle, unusable, unsalable and an object of sporadic vandalism as well as steady deterioration from the ravages of time.

By action duly taken within its corporate body, plaintiff has brought this action seeking an interpretation of the clause quoted above and a declaration of its rights and powers to convey said parcel, should a purchaser put in an appearance, under that clause. In conformity with Section 2307.21, Revised Code, two members of the congregation are joined as parties defend-

ant. Their position is closely akin to that of guardians ad litem, and the answers filed by them are of such tenor. Actually, there is no known opposition to plaintiff's action; and defendants' later affidavits clearly indicate that while recognizing the need for interpretation and declaration, their defense is no more than pro forma to get the case at issue. Since the case deals with matters temporal but not spiritual, this Court has jurisdiction to act. The case is now before us for determination on a motion for summary judgment, there being no dispute as to the facts involved and stated above. At the hearing, plaintiff submitted affidavits and evidence; no appearance was made by anyone else though the requirements of statutory notice had been fully met by plaintiff.

As we turn to a consideration of the issues, we note that two unreported cases in Ohio have already passed on the prolems which plaintiff thinks it faces. One is *Amos Carpenter, Trustee of the Church of Christ et al.* v. *P. H. Starcher et al*, No. 196,735, in the Court of Common Pleas of Summit County (1955), and *Haig M. Boyajohn, Inc.* v. *Emma Z. Hall et al*, No. 203,370, in this Court. The petition and final journal entry in the former case and the final journal entry in the latter case are both before us, being attached to one of the affidavits in the file. Both cases are favorable to one in the position of the present plaintiff.

We note several matters:

(1) With an almost identical restriction clause, the Summit County case noted that identification of reversioners was fatally defective. So it is here.

(2) It also considered and relied on the long lapse of time which is nowhere near as long as the 1943-1964 span presently involved, much less 1919-1964. Under Section 2131.08, Revised Code, the present case is on this score much stronger than the Summit County case.

(3) In our own case, Boyajohn, the restriction was 56 years old; here it is 45 years. Both well over the statutory period noted just above.

(4) In Boyajohn this Court noted the change in the character of the neighborhood. So it is here. It further commented on the change in public sentiment in that span of time to this type of restriction. We note it here.

(5) The *Boyajohn case* noted the great and irreparable damage to plaintiff in that case. We note the same situation here.

(6) The *Boyajohn case* noted that the original purpose of the restriction was, due to changed conditions, now gone; and that the restriction is now an unlawful restriction on the power to use and alienate the parcel of land. So it is here.

(7) The *Boyajohn case* notes that the restriction was never imposed for subdivisional or neighborhood benefit or scheme. So it is here.

(8) The *Boyajohn case* notes that the plaintiff there held other land not so restricted. So it is here.

(9) We further note two more comments: (a) the premises here in question are no longer used as a place of worship, either by plaintiff or any other congregation of the same sect or denomination; (b), most important of all, the restriction presently in question was supererogation of no conceivable use or benefit to plaintiff or its predecessor Congregation so long as their tenets and holdings of worship were observed by them, and there is no evidence of challenged changes before us.

By reason of the foregoing we answer plaintiff's eight questions as follows:

1. Are there persons other than the defendants who would have interest in the restrictions and reverter provision of the covenant contained in the deed from Joy Hunt to the trustees of the Congregation of Christ as recorded in Deed Book 642, page 31, Recorders Office, Franklin County, Ohio? Answer: No.

2. Do the defendants have any interest, enforceable at law or in equity in the restrictions and reverter provision of the covenant contained in the deed executed by Joy H. Hunt to the trustees of the Congregation of Christ in Deed Book 642, page 31, Recorders Office, Franklin County, Ohio? Answer: No.

3. Are the restrictions set forth in the covenant, contained in the deed executed by Joy H. Hunt to the trustees of the Congregation of Christ in Deed Book 642, page 31, Recorders Office, Franklin County, Ohio, valid and enforceable or of any force and effect either in law or in equity? Answer: No, not on the basis of the foregoing.

4. Is the reverter provision in the covenant, contained in the deed executed by Joy H. Hunt to the trustees of the Congregation of Christ as recorded in Deed Book 642, page 31, valid and enforceable either at law or in equity? Answer: Same as in Q. 3, supra.

5. Does the recital contained in Deed Book 642, page 31, and being the restrictions described in the petition, create conditional limitations? Answer: Same as in Q. 3, supra.

6. If the answer to Number 5 is yes and the deed referred to in Question Number 5 does contain conditional limitations, are the same void for remoteness as being contrary to the rule against perpetuities as provided by Section 2131.08, Revised Code? Answer: Too remote.

7. Are the restrictions contained in Deed Book 642, page 31, valid only so long as the property described in the petition is owned by the original grantees in said deed? Answer: Yes, if valid even then.

8. Can the present owners convey a fee simple title to a buyer hereafter free of said restrictions and limitations? Answer: Yes.