GRAY DRUG STORES, INC., *v.* FOTO FAIR INTERNATIONAL, INC.

(No. 35683—Decided May 19, 1970.)

Common Pleas Court of Hancock County.

*Mr. John C. Firmin, Mr. John L. Strauch* and *Mr. Raymond J. Durn,* for plaintiff.
*Mr. Lloyd D. Phillips, Mr. Russell E. Rakestraw* and *Mr. Jacob Meyers,* for defendants.

MOORHEAD, J. This memorandum opinion is filed in addition and subsequent to docket notes which were previously entered on May 15, 1970, for the convenience of counsel.

The question or issue in the matter is: During the term of the lease between plaintiff, Gray Drug Stores, Inc., and defendant, Findlay Center, Inc., does the easement granted thereunder entitle the plaintiff to enjoin defendant, Findlay Center, Inc., or any other person or corporation, under their lease with the plaintiff from erecting a building or structure on the area denoted as a "parking area" in Exhibit "A" that is attached to the lease.

If an erection or the locating of a building on such area violated the lease it would be a violation of plaintiff's property rights and plaintiff would not have an adequate remedy at law by way of damages. Plaintiff need not prove sub

stantial damages. A breach of covenant may be sufficient for equitable relief. *Brown* v. *Huber*, 80 Ohio St. 183.

In August 1961, defendant, Findlay Center, Inc., as landlord, entered into a lease with the plaintiff, Gray Drug Stores, Inc., as a tenant covering a portion of the Findlay Shopping Center. To dispose of the matter, it must be determined what was the agreement between the parties to the lease. (See Plaintiff's Exhibit No. 2, Paragraph 9 of the lease.) Plaintiff's Exhibit No. 2, together with Exhibit "A" attached to the lease, is dispositive of the question. Additional provisions and evidence lead to the same conclusion. The lease provides in paragraph 9 as follows:

"Landlord hereby gives and grants unto tenant an easement, in common with other tenants in said Shopping Center, in said parking areas, concourse, truck areas and cruising lanes, as well as in all sidewalks in said Shopping Center, for ingress and egress to and from the premises and for free parking; the same to be used by tenant, its invitees and customers, together with and subject to the same rights granted from time to time to other of landlord's tenants. Said easement shall exist only for the term and extended term or terms, if any, of this lease unless this lease is sooner terminated. Said parking areas, concourse, truck areas and cruising lanes shall not be fenced or obstructed by any building or other structure or otherwise obstructed or reduced in size except for such future additions to buildings and the "future building" as shown on Exhibit A, and shall be kept open for use without expense of any nature to the tenant and other users thereof as intended herein."

There is no question but what the lease is still in effect between the parties thereto and that the defendant, Findlay Center, Inc., through defendant, Foto Fair International, Inc., have caused to be placed on the premises, designated as "parking area" in Plaintiff's Exhibit No. 2, a building referred to as a "kiosk."

It will be noted that the above paragraph makes no distinction between the size of buildings or structures that might be erected on the shopping center parking area nor

does it make any distinction in this respect as to portions of the parking area that might not be used as often or as frequently as other parts thereof. It does appear in clear language that "said parking areas, concourse, trucking areas and cruising lanes shall not be fenced or obstructed by any building or other structure or otherwise obstructed or reduced in size." By the erection or placing of a building the size of the structure in question, or whatever size, the erection of it on the parking area in this particular shopping center would create a situation wherein the parking area is not kept "open for parking" for parking purposes; that by its presence it will obstruct the parking area; and by reason of the fact that it is a "drive-in" facility, the actual space taken or reduced is substantially greater than the area occupied by the building. The evidence is uncontradicted that it is a "drive-in" or "walk-in" facility.

Some provision was made for "future building" and this is covered in the last part of Paragraph 9 in reference to Exhibit "A" attached thereto providing for areas for "future building" or "future additions to building." These areas are clearly located on the rear of the plaintiff's store to the north and east part of the center. This provision makes it all the more clear that the plaintiff bargained for and received an easement and covenant prohibiting erection of any structure to any portion of the area which is now in dispute. (See Plaintiff's Exhibit No. 3, Letter, dated July 17, 1961.)

From a reading of the lease, the exhibit attached thereto and plaintiff's Exhibit No. 3, it is clear that when this lease was executed the defendant promised that no building would take place on the designated parking area. There is no indication that the parties intended to modify Paragraph 9 in any respect to building on the parking area. If the lease is construed so as to provide that the defendant may erect or place structures upon the parking lot, still maintaining the area of parking space and so forth, it would follow that they may place many structures similar or otherwise in the parking area "dotting the parking lot"

and interfering generally with parking and traffic in the remainder of the parking lot or such additions that might be provided in order to maintain the ratio. This would surely not have been within the contemplation of the parties.

There was some testimony to the effect that the defendants prepared the lease. The court cannot come to such conclusion but rather it appears that there has been some evidence that the plaintiff prepared the lease. It cannot come to that conclusion. The fact is that it appears that the defendant, Findlay Center, Inc., did so; if not, they did prepare a portion thereof and in any event the rules of construction cannot apply to the plaintiff because it appears more to be a joint effort. There was no dispute, however, with respect to who prepared the plot plan which is attached to the lease and the "note" thereon. By applying the general rules of contract construction, it is the rule that any ambiguous provisions must be resolved in favor of the one not preparing an instrument and is superceded by a rule of property law that a court, in construing a grant for which a valuable consideration has been furnished, must construe the instrument strictly against the grantor and in favor of the grantee. *Meredith* v. *Frank*, 56 Ohio St. 479; *Potter* v. *Burton*, 15 Ohio 196 ("But suppose the right from the whole grant, taken together, is doubtful, then the rule applies that every grant shall be construed, in case of doubt, most strongly against the grantor."); *Church of God* v. *Glann*, 93 Ohio App. 337. Where one has paid valuable consideration for an easement grant, hereby obligating oneself under a long-term lease, it is fundamental that in construing the scope of the easement grant the holder is to be given all that he could reasonably have anticipated he was receiving. (II American Law of Property 280, Par. 8.67. See also 11 Ohio Jurisprudence 2d 399, Contract, Section 155.)

The fact that there may have been another structure erected on the parking lot does not in any way waive or diminish the plaintiff's right.

Defendants further claim a waiver or laches. It is

claimed that by reason of the plaintiff's prior silence with respect to other construction on the parking lot that they have now lost the right that they might have otherwise have had to object to the structure in question. Such claims are not pleaded and even if they were or there were sufficient to constitute a waiver or laches, which this court feels there is not, it must be specifically pleaded. 43 Ohio Jurisprudence 2d 150, Pleading, Section 137. 20 Ohio Jurisprudence 2d 587, Estoppel and Waiver, Section 95. Assuming at that time plaintiff could have objected to prior construction it would certainly seem logical that at some point the plaintiff could draw the line and say that no further construction or construction of a particular type or size might be placed or erected upon or in the parking area.

In view of the foregoing, a permanent injunction is allowed restraining the defendant, Findlay Center, Inc., or its successors or holders from them, from erecting, occupying or operating or maintaining any building or structure located on any portion of the parking areas, concourse or cruising lanes at the Findlay Shopping Center described in Gray Drug Stores, Inc., lease during the term thereof or any interval thereof.

Defendants are further ordered to do such things as may be necessary to rescind any and all issues or agreements with respect to the construction or erection of a building or of a structure thereon and to remove such structures or portions thereof from the said parking area, *et cetera.*

*Judgment for plaintiff.*