OPINION
Appellants Katie J.H. Yoder, Miriam J.H. Yoder, David J.H. Yoder, and Brenda Yoder appeal a judgment of the Holmes County Common Pleas Court dismissing their declaratory judgment action against appellee West Holmes School District Board of Education:
 ASSIGNMENTS OF ERROR ASSIGNMENT OF ERROR NO. 1 THE TRIAL COURT ERRED AS A MATTER OF LAW BY FINDING AND HOLDING THAT THE DEED FROM MYRTLE LAKE TO THE RIPLEY LOCAL SCHOOL DISTRICT DID NOT PRESERVE A POSSIBILITY OF REVERTER FOR FUTURE OWNERS OF THE MAIN BLOCK OF LAND.
 ASSIGNMENT OF ERROR NO. 2 THE TRIAL COURT ERRED AS A MATTER OF LAW BY FINDING AND HOLDING THAT YODERS' REVERTER INTERESTS WERE BARRED BY OHIO'S MARKETABLE TITLE ACT.
 ASSIGNMENT OF ERROR NO. 3 THE TRIAL COURT ERRED BY FINDING AND HOLDING THAT THE YODERS HAVE NOT ESTABLISHED THAT THEY ARE THE CURRENT OWNERS OF THE MAIN BLOCK OF LAND.
 ASSIGNMENT OF ERROR NO. 4 THE TRIAL COURT ERRED BY FINDING AND HOLDING THAT THE YODERS HAVE NOT ESTABLISHED THAT THE WEST HOLMES SCHOOL DISTRICT FAILED TO USE THE SUBJECT PROPERTY FOR ATHLETIC PURPOSES FOR A PERIOD OF THREE YEARS.
By Warranty Deed dated December 15, 1951, Myrtle M. Lake conveyed 5.25 acres to the Board of Education of Ripley Local School District. The Warranty Deed was recorded on February 4, 1952. The property in question was conveyed to the Ripley School District Board of Education with the following condition:
 In the event that grantee ceases to use the above described land for athletic purposes for a period of three years, said land to revert to the owner or owners who-ever they may be of the main block of land from which the above is now sub-divided meaning the land lying between County Road #100 and the Pennsylvania Railroad.
The deed did not by its terms preserve any reversion right for Myrtle Lake or her heirs, and any reversion rights attached to the main block of land.
Appellee is the successor in interest to the Board of Education of the Ripley Local School District. Appellee has operated under the assumption that it had to use the land for athletic purposes to avoid forfeiting its interest in the land.
Since the early 1970's, the land has been known as "Lake Memorial Park." The land was initially maintained by a group of volunteers and used by the community as a park. Since July 19, 2000, the Big Prairie-Lakeville Community Club leased the land from the West Holmes School District for use as a recreational and park facility. Under the terms of this lease, appellee retained the right to use the land for athletic purposes at any time. Between the dates of December 16, 1996, and December 16, 1999, appellee used the land in question for athletic practices on three occasions. The high school football team practiced there on August 19, 1999, and the high school baseball team practiced there on April 26, 1997, and April 21, 1998. Appellee also used the land for athletic practices on May 9, 1991; April 7, 1994; and May 1, 1996. In addition, appellee has permitted various community groups to use the property for community activities, including athletic purposes.
On December 16, 1999, appellants filed the instant declaratory judgment action, alleging that they should be declared the legal owners of the 5.25 acres conveyed to the West Holmes School District, as appellee has failed to use the land for athletic purposes between August 1996, and August 1999, and appellants are the owners of the main block of land from which this acreage was sub-divided.
The case proceeded to bench trial in the Holmes County Common Pleas Court. The case was heard by a magistrate, who found that the deed from Myrtle Lake to the Ripley School District did not preserve a possibility of reverter for future owners of the main block of land, the Ohio Marketable Titles Act has extinguished appellant's alleged interest in the subject property, appellants failed to establish they are the current owners of the main block of land, and appellants did not establish that appellee failed to use the subject property for athletic purposes for a period of three years. Based on each of these reasons, the court concluded that the complaint should be dismissed. Appellants objected to the decision of the magistrate. The court overruled the objections, and adopted the magistrate's decision as the final order of the court.
 I
Appellants first argue that the court erred in finding that the deed from Myrtle Lake to the Ripley School District did not preserve a possibility of reverter for future owners of the main block of land.
A reversionary interest, such as a possibility of reverter, is not an interest that attaches to the land. Walker v. Lucas County Board ofCommissioners (1991), 73 Ohio App.3d 617, 624. Rather, it is the residue of the estate that is left in the grantor. Id. When the qualified fee terminates, the land conveyed reverts to a person, not to other land.Id. For an owner of property to have a right of reentry, he must show that he has at some time acquired the reversionary interest. Id. One does not require a reversionary interest solely by virtue of being an owner of property which abuts the property on which the reversionary interest is claimed. Id.
As noted by the court, in the instant case, Ms. Lake attempted to link the possibility of reverter to the unidentified owners of abutting property, rather than to an identifiable person.
Further, the use of the language, "owner or owners whoever they may be of the main block of land on which the above is now subdivided," is not sufficiently clear to identify the reversioners. In Church of Christ v.Ezzell (1964), 95 Ohio Law Abs. 89, the validity of the reversion in question provided that the land was transferred to the church, upon the express condition that no organ nor other musical instrument be used, nor any practice unauthorized in the New Testament be conducted. The reversionary clause provided that in the event any such practices are committed, or any organ or musical instrument was introduced into the church, the premises were to become the property of such persons who were opposed to the organ or other musical instruments, or to the other practices named in the reversionary clause. The court concluded that the identification of the reversioners was fatally defective. Id. Similarly, in the instant case, the term "main tract of land" is not sufficiently clear to identify the reversioners.
As discussed by the court, the record is devoid of any evidence that appellants acquired a reversionary interest in the 5.25 acres by some instrument other than the deed. In fact, the deed transferring the property to appellant specifically excepts from the sale 5.25 acres sold to the Board of Education of the Ripley Local School District, without any mention of the reversionary interest.
The first assignment of error is overruled.
 II
Appellants argue that the court erred in finding that the Ohio Marketable Titles Act extinguished their interest in the subject property. We disagree.
Any person holding an unbroken chain of title lasting more than forty years has a record marketable title. R.C. 5301.48. Possibilities of reverter and rights of entry may be preserved against a record marketable title only as allowed by R.C. 5301.51. To preserve a reversionary interest against a person whose title would otherwise be marketable, R.C. 5301.51 (A) requires the person holding the reversionary interest to file periodic forty-year notices of its claim of interest.
In Verona United Methodist Church v. Shock (October 13, 1978), Preble App. No. CA252, unreported, a family deeded real estate to a church in 1883, providing the property would revert to the heirs of the family as if the premises ceased to be used as a place of divine worship. In 1971, the church stopped using the property, and the heirs sued, asserting their reversionary interest. The court concluded that the condition of forfeiture had occurred, but because the church owned the property by an unbroken chain of title lasting more than forty years, the church had a record marketable title. Id. Because the heirs did not preserve their reversionary interest by filing periodic notices of their claim of interest, their claim was insufficient to defeat the church's interest.
In the instant case, the school has held the property by an unbroken chain of title lasting more than forty years. The record does not demonstrate that appellants or any of their predecessors ever filed a notice of a claim of interest as required by R.C. 5301.51 (A). The court therefore did not err in concluding that appellant's claim to a reversionary interest had lapsed.
The second assignment of error is overruled.
 III
Appellants argue that the court erred in finding that they did not establish that they were the current owners of the main block of land.
The evidence does not trace a direct line of title from Myrtle Lake to appellants. From the record, it is impossible to determine what the main block of land was out of which Myrtle Lake conveyed 5.25 acres in 1951. The deed to the property appellants now own includes numerous exceptions for land that may or may not at one point have been part of the main block of land owned by Myrtle Lake. Absent a chain of title going back to Myrtle Lake, appellants could not establish they are the record owners of the main block of land as those words were understood in 1951.
The third assignment of error is overruled.
 IV
Appellants argue that the court erred in concluding that the West Holmes School District has not failed to use the subject property for athletic purposes for a period of three years.
It is well established in Ohio law that the law abhors a forfeiture. E.g., Ensel v. Lumber Insurance Company of New York (1913),88 Ohio St. 269, 281. Conditions subsequent are not favored by law, because on the breach of such conditions, there is a forfeiture. In Re:Copps Chapel Methodist Episcopal Church (1929), 120 Ohio St. 309, 314. Therefore, the court must strictly construe conditions inserted in a deed which impair the estate granted, and where the deed is not clear, doubts must be resolved so as to avoid forfeiture. Church of God v. Glann
(1952), 93 Ohio App. 337.
The deed from Myrtle Lake to the school district does not define use for athletic purposes. The record is clear that the school district used the property for athletic practices in 1997, 1998, and 1999. Construing the language to avoid a forfeiture, the condition upon which the reversionary interest is based has not been met.
The fourth assignment of error is overruled.
JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Holmes County Common Pleas Court is affirmed. Costs to appellant.
Hon. Julie A. Edwards, P.J. Hon. W. Scott Gwin, J. Hon. John F. Boggins, J. concur.
THIS OPINION REPLACES THE OPINION FOR THIS SAME CASE THAT WAS POSTED THEWEEK OF OCTOBER 15, 2001. THE PREVIOUS ONE WAS A DRAFT AND NOT THE FINALOPINION.