Houck, J.
The error complained of in this case is in quieting the title to certain real estate located in the city of Wooster, Ohio, claimed to be owned in fee simple by John P. Farrelly, defendant in error here, who was plaintiff below.
The trial judge in the common pleas court granted to the said Farrelly all the relief prayed for in his petition, thereby holding that John Fawcett Larwill and the other defendants below, the plaintiffs in error here, had no interest either legal or equitable in and to the real estate in question.
The contention in this lawsuit is as to the legal effect of the following words, “for the use and sole purpose of the Catholic church and such other erec *357 tions as may be needed for the use of said Catholic church.”
This language appears, in the granting clause of a deed made on the 27th day of May, 1857, by Joseph H. Larwill and wife, Nancy Q., to the Reverend Amadeus Rappe and others. These grantees and all subsequent grantees by a series of deeds conveyed all their interest in and to said lands described in the said Larwill deed to the said John P. Farrelly, who is now in possession of same, claiming to be the owner thereof in fee simple.
The granting clause in the Larwill-Rappe deed reads:
“That the said Joseph H. Larwill and Nancy O. Larwill, his wife, for and in consideration of the just sum of $1,100.00 in hand paid, the receipt whereof we do hereby acknowledge, have given, granted, bargained, sold, released and conveyed, and do by these presents give, grant, bargain, sell, release, convey and confirm unto the said Reverend Amadeus Rappe, Frederick Buchholtz and Michael Carroll, and their heirs and assigns forever, for the use and sole purpose of the Catholic church and such other erections as may be needed for the use of the said Catholic church, a certain tract or parcel of land situate in said Wayne county, and described as follows:” (Here the premises are described.)
The habendum clause reads:
“To have and to hold the said described premises hereby sold as aforesaid, or meant or intended so to be, with all the privileges and appurtenances thereunto belonging or in any wise pertaining unto the said Amadeus Rappe and Frederick Buchholtz and Michael Carroll, and unto their heirs and assigns *358 forever, for the sole use and benefit of said Catholic church and said other erections as aforesaid, and the said Joseph H. Larwill and Nancy Q. Larwill, his wife, for themselves and for their heirs, executors and'administrators, do covenant, promise and agree to and with the said Reverend Amadeus Rappe and Frederick Buchholtz and Michael Carroll, their heirs and assigns, that they, the said Joseph H. Larwill and Nancy Q. Larwill, his wife, are lawfully seized of the premises aforesaid, and that the said premises are free and clear of and from all encumbrances whatever, and further that the said Joseph H. Larwill and Nancy Q. Larwill, his wife, will well and truly warrant and forever defend the premises herein and hereby granted unto the said Reverend Amadeus. Rappe and Frederick Buchholtz and Michael Carroll, and to their heirs and assigns, from the lawful claims and demands of all and every person whomsoever.”
The conceded facts are that the property described in said deed is not used by the Catholic church for church purposes, but its. use for same has entirely ceased; that Joseph H. Larwill and Nancy Q. Larwill, his wife, have departed this life; and that the plaintiffs in error are their- only surviving heirs at law.
The proper solution of one question will determine the rights of the parties to this controversy, namely: What is the legal effect, as used in said deed, of the language, “for the use and sole purpose of the Catholic church and such other erections as may be needed for the use of said Catholic church,” and does it constitute a condition subsequent ?
*359 A condition will not be raised by implication from a mere declaration contained in an instrument that the grant is made for a particular or certain purpose, unless it is coupled witlf words clearly showing upon their face such a condition.
In a warranty deed, such as the one now before us for construction, which contains the usual words of warranty and alienation of title of grantors, the law presumes that all of the grantor’s title and interest in the real estate described in said instrument passes to the grantee, unless by some plain language used therein the contrary is shown.
Conditions which in any way have a tendency to destroy or lessen estates are not favored by the law, and thus, are strictly construed, and all doubts are resolved against restrictions.
While it is true that no precise form of words is necessary or essential to create a condition subsequent, nevertheless, if in a deed, it must be created by such terms as to leave no doubt of the intentions of the grantor so to do.
The language used by the grantors in the deed in the case at bar is clear, plain and unambiguous, and there is no doubt about its meaning, but, as we interpret and construe it, falls far short of being sufficient to create a condition subsequent.
So far as creating limitations upon the title conveyed, it certainly does not do so.. In legal effect it has no force, and the most that can be claimed for it is that it might be construed as a mere wish or desire on the part of the grantors to have the property used for the purposes indicated by the language; but in effect it is a mere suggestion, an unenforceable request or desire.
*360 An examination of the deed nowhere discloses any language that could be construed as intended to create a.ny limitation upon the fee simple title in the grantees, their heirs and assigns, and we find no reservations or limitations contained in said deed.
It is generally known that, when an estate granted is intended to be terminated or forfeited, certain terms are used in the granting clause, or somewhere in the deed, declaring that the estate conveyed is' to be forfeited “in the event that” certain conditions are not complied with. But in the deed now before us there is an utter absence of any such provisions.
Courts, in construing deeds and like written instruments, must be guided by the intention of the parties to them, and this must be determined by the language us.ed in the instrument, the question being not what the parties meant to say, but the meaning of what they did say, as courts can not put words into an instrument which the parties themselves failed to do.
The deed in this case is regular upon its face. It conveys certain lands, for a valuable consideration, to the grantees, their heirs and assigns forever, and warrants the title to same against the claims of all others. It contains no words of forfeiture or limitation, nor is there any provision for reentry. Thus, it follows that the mere fact that the present owner of the lands has ceased to use same “for the use and sole purpose of the Catholic church,” etc., would not in law vest the plaintiffs in error with the title to said real estate.
It follows from what we have already said that the judgment below is right. We have examined *361 all of the alleged errors, as claimed by plaintiffs in error, and we find none of them of that substantial nature that would warrant a reversal of the judgment below.
The judgment of the common pleas court is affirmed and the case is remanded to that court for execution.

Judgment affirmed.

Powell and Shields, JJ., concur.