## CROUSE ET AL. v. BOARD OF EDUCATION OF GREEN TOWNSHIP.

*Conveyances — Lands deeded for school purposes — Reverter and forfeiture — Abandonment upon centralization of schools.*

The centralization of the schools of a rural district by vote of the people thereof, resulting in the abandonment for school purposes of a lot conveyed to the directors of the school district for the use and purpose of a schoolhouse lot only, with condition of reverter in case the lot should cease to be used as a schoolhouse lot, works a forfeiture of such lot by the people acting voluntarily under the permission of the law.

(Decided January 8, 1920.)

ERROR: Court of Appeals for Ross county.

*Mr. Elijah Cutright,* for plaintiffs in error.
*Mr. John P. Phillips, Jr.,* for defendant in error.

WALTERS, J. The petition in this case seeks to enjoin The Board of Education of Green Township, Ross county, Ohio, from selling the schoolhouse lot situate in old subdistrict No. 5 of said township. The Board of Education in its answer denies that the property reverted to the heirs of John Crouse, Jr., and by way of cross-petition sets out the various steps taken pursuant to the statute to cause a vote to be taken in the township to centralize the schools of the township; that a vote was taken, which resulted in favor of centralization; and that by reason of the result of that vote on that question the abandonment for school purposes was made necessary and was without the voluntary action or participation of defendant, but was man-

datory by law. It asks that the title of the defend-
ant be quieted against the plaintiffs.

The plaintiffs for answer to the cross-petition of
the defendant set up the clause in the deed from
John Crouse, Jr., to the local directors, which is as
follows:

"Grant, bargain, sell and convey to the said
Basil Umstead, John Crouse, Jr., and Michael
Musselman, directors of School District Number 5,
in Green township, and their successors in office
forever for the use and purpose of a school house
lot for the district aforesaid, but for no other use
or purpose whatever."

The habendum clause is:

"To have and to hold said premises with the
appurtenances unto said Basil Umstead, John
Crouse, Jr., and Michael Musselman, directors of
school district number 5, in Green township and
their successors in office forever, for the use and
purpose aforesaid but for no other use and purpose
whatsoever and in case said premises shall at any
time hereafter cease to be occupied as a school
house lot that the same shall revert to and be vested
in said John Crouse, Jr., the said grantor and his
heirs."

The plaintiffs demurred to the cross-petition,
which demurrer was overruled, and the defendant
demurred to the answer to the cross-petition, which
was sustained, and the action of the court on these
two demurrers is now presented to this court for
review.

The law question therefore is, Does the central-
ization of the schools of a rural district by vote of
the people thereof work a forfeiture under the prin-

ciple of law that the breach was caused by act of the law, or further performance or use prohibited by law, or is this a case where the law permits a thing to be done and the people act voluntarily under the permission of the law?

The defendant claims that John Crouse, Jr., by his deed the 9th day of August, 1845, conveyed a fee simple with a condition subsequent, while the plaintiffs claim that it is a qualified, base or determinable fee; but whether you call it one or the other the same principles will apply in this case.

"As a general rule no breach or forfeiture is occasioned by non-performance of a condition subsequent necessitated through prohibition or operation of law. The rule does not apply where a condition is violated, not by operation of law, but by the voluntary act of the grantee under authority of law." 18 Corpus Juris, 375.

It was not mandatory on the part of the township to submit the question of centralization to the vote of the people, and it did so only after the voters took some voluntary action themselves by presenting to the board of education a petition containing the names of at least one-fourth of the electors of the district.

J. C. Bennett, one of the heirs of John Crouse, Jr., signed a petition. The submission to the voters included the voters of this subdistrict No. 5, without which opportunity to these voters to vote no centralization could legally have been consummated. It was left to the wish and voluntary action of the voters of subdistrict No. 5, as well as of all the voters of all other subdistricts within the

township or school district. The abandonment of the subdistricts and their property, and the establishment of a centralized school, were the voluntary act and wish of the property owners thereof, for the people were the real beneficiaries and owners of these subdistrict properties, the directors thereof only holding the legal title for their use and benefit, and when they chose to centralize and abandon their use for school purposes it constituted a voluntary relinquishment of their title to this property. In no.sense was it prohibited by operation of law.

It was lawful for the board of education to do what it did do, pursuant to law, which rendered the use of the property unnecessary for its purposes; but because it abandoned the use of the property, in pursuit of lawful methods and acts, raises no legal barrier against the plaintiffs from asserting their right to the property. The violation of the condition was not by operation of law, but by the voluntary act of the grantee. (*Sherman* v. *Town of Jefferson,* 274 Ill., 294, 113 N. E. Rep., 624.) The consideration for the deed of Crouse, Jr., to the local directors is disclosed by the pleadings to be one dollar, and this nominal consideration has much to do with the courts in their decision on this subject. *Village of Ashland* v. *Greiner et al.,* 58 Ohio St., 67, 74.

The court below erred in overruling the demurrer to the cross-petition, which was interposed by the plaintiffs, and in sustaining the demurrer of the defendant to the answer to the cross-petition, and the court below is ordered to sustain the demurrer to the cross-petition and overrule the de-

murrer of the defendant to the answer to the cross-petition.

*Judgment reversed.*

MIDDLETON and SAYRE, JJ., concur.