## May v. Board of Education.
## Phillips v. Board of Education.

*Conveyances — Lands deeded for school purposes — Title reverts to heirs of grantor, when — Abandonment of lands after centralization of schools — Right of entry in grantor's heirs, when — Board of education may remove buildings, when.*

1. Lands deeded to a board of education to be used for school purposes, with an express condition of reverter, upon abandonment of such use, revert to the grantor or his heirs.

2. Lands deeded to a board of education so long as used for school purposes revert automatically to the heirs of the grantor without an express condition of reverter. The board of education in such case takes only a qualified or limited fee, terminating when the stipulated use ceases.

3. The centralization of the township school district, and the consequent abandonment of lands used for sub-district schools, does not prevent the reverter, nor continue the limited estate.

4. An heir of the deceased grantor holding his inheritance and acquiring deeds from the other heirs has a right of entry upon the premises when the special use is abandoned.

5. Where a board of education, having a conditional or limited estate in lands, erects buildings and improvements thereon to adapt them to such special uses, and thereafter abandons the specified uses, such board of education within a reasonable time after such abandonment may remove the said buildings and improvements.

(Decided February 9, 1920.)

Appeal: Court of Appeals for Pickaway county.

*Mr. Barton Walters*, for plaintiffs.

*Mr. Meeker Terwilliger* and *Mr. C. A. Weldon*, prosecuting attorney, for defendants.

Allread, J. These actions involve (1) the title to certain real estate conveyed to the Board of Education for school purposes, and (2) the right of the Board of Education to the schoolhouse building as trade-fixtures.

## MAY CASE.

The deed for the schoolhouse site was to the Board of Education and to their successors in office. There was a warranty in the usual form, "For said school purposes." The deed recites a valuable consideration and contains the following clauses:

"The above described premises to be used for a schoolhouse site and if used for any other purpose than for schoolhouse and school purposes said premises will revert back to said Henry May, his heirs or assigns."

"To have and to hold said premises with the appurtenances unto the said A. C. Rice et al., and to their successors in office as said Board of Education of said township for the purpose only of using for schoolhouse purposes."

The Board of Education took possession of said premises and constructed a schoolhouse and maintained schools therein up to the year 1914, when the township schools having been centralized the school site in controversy was abandoned.

The action was brought by E. P. May, one of the heirs at law of the grantor, who is now deceased. The other heirs at law of the grantor have been made parties, and an answer and cross-petition have been filed by the Board of Education claiming a fee simple interest in the real estate and asking that its title thereto be quieted. The Board of Education in its cross-petition sets forth in detail the proceedings had in said township resulting in centralization of schools, the construction of a centralized schoolhouse, the maintenance of the township

schools therein and the consequent abandonment of the sub-district schools. Motions and demurrers have been filed, but we think that a proper conclusion can be reached upon the conceded facts in the pleadings. The deed in the May case contains not only a statement of the uses and purposes for which the deed was made, but also an express condition of reverter. We think it is clear under the authorities, which need not be recited, that upon a voluntary abandonment of the premises in question for schoolhouse and school purposes the title would revert to the heirs of the grantor.

The only remaining question is whether the centralization of the schools in Pickaway township was such an act of law as compelled the abandonment of said subdistrict schools and thereby relieved the Board of Education from the condition subsequent. This is an important and somewhat novel question. In the case of *Cincinnati* v. *Babb,* 29 Bull., 284, affirmed *Babb* v. *Cincinnati,* 55 Ohio St., 637, the title was extinguished in part through an appropriation by the city for street purposes. The extinguishment of the title and the abandonment of the purposes of the deed were entirely involuntary on the part of the grantee. In the case at bar the centralization of the district was accomplished to a certain extent under the control and discretion of the Board of Trustees. It was not wholly involuntary. Besides the action of the electors in centralizing the district did not extinguish the title, but made a continuance of the purposes of the deed in question more difficult and expensive. Notwithstanding the centralization of the district, the abandonment for school purposes of

the site in controversy was in contemplation of law a voluntary one on the part of the Board of Education, consequently the centralization of the district does not prevent the operation of the condition subsequent.

The same question arose in the case of *Crouse* v. *The Board of Education of Green Township, post,* 481, wherein the court of appeals of this district decided that the centralization of schools did not supersede the condition of reverter in a deed of this kind. We approve the reasoning of that decision.

The right of the Board of Education to remove the trade fixtures, to-wit, the buildings, is not free from doubt. There is a conflict of decisions in other states. We think, however, the sounder reasoning is in favor of the proposition that the Board of Education may at the time of the abandonment of the premises for the purposes specified, or within a reasonable time thereafter, remove the trade fixtures. This right will be preserved in the journal entry and a reasonable time will be fixed at one year from the date of the decree in this court.

See *Wittenmeyer* v. *Board of Education of Brooklyn, Ohio,* 10 C. C., 119.

## PHILLIPS CASE.

The deed for the premises in this case was by George and Nelson Hitler to the Board of Education of Pickaway township. There was a valuable consideration and a covenant of warranty. The granting clause was "Unto the said Board of Education of Pickaway Township, its successors and assigns as long as they are used for school purposes." The habendum clause was, "To have and to

hold said premises with the appurtenances unto
the said Board of Education, its successors and as-
signs, as long as the same is used for school pur-
poses." The action was brought by Ellen Phillips,
one of the original heirs of the deceased grantors,
to whom the other heirs had conveyed or released
their interests by deed. The Board of Education,
as in the *May case,* claims the fee simple title to the
schoolhouse site and asks that such title be quieted.
The board alleges, as in the former case, the cen-
tralization of the schools, the building of a central-
ization schoolhouse, and the establishment and
maintenance of the township schools therein, and
asserts that because of such centralization the sub-
district schools were abandoned. The board also
alleges that the conveyance of the possibility of
reverter was void and gave the grantee no right of
entry. It is contended that this deed amounts only
to a covenant as to the use of the premises and
does not include a reverter to the heirs of the
grantor upon abandonment of the premises for
school purposes. Counsel cite and rely upon the
following Ohio cases: *Village of Ashland* v.
*Greiner et al.,* 58 Ohio St., 67; *Watterson, Trustee,*
v. *Ury et al.,* 5 C. C., 347, affirmed 52 Ohio St.,
637; *The Cleveland Terminal & Valley Rd. Co.* v.
*State, ex rel.,* 85 Ohio St., 251, and *Methodist
Episcopal Church of Cincinnati* v. *Gamble,* 4 C. C.,
N. S., 45.

The case of *Cleveland Terminal & Valley Rd.
Co.* v. *State, ex rel.,* is not directly in point. The
other cases involve grants for special uses, but
without conditions of reverter. We think the cases
generally may be grouped in the following classes:

1. Those where the conveyance is to a grantee for certain uses but without a condition of reverter. 2. Those in which uses are specified and the condition of reverter superadded. 3. Where the grant is in the form of a limitation or conditional limitation. In the first class of cases it has been generally if not universally held that where a grant is on a valuable consideration it amounts to a covenant as to the use, but does not involve a condition subsequent. In the second class both the covenant and the condition of reverter are (not) enforced. In the third class of cases the grant is construed as a limitation and no condition of reverter is necessary; the grant having terminated upon the happening of the condition, the right of entry would immediately accrue to the heirs. We think the form of the Phillips deed is a conditional limitation and that the title taken under the deed is what is called by Blackstone "A base or qualified fee," or what has been generally denominated in modern judicial literature as "A determinable fee." The case of *Sperry* v. *Pond et al.,* 5 Ohio, 388, involves a limitation somewhat similar to the deed under consideration, and it was there held that when the use specified in the deed terminated the estate itself terminated. In the statement of facts in the *Sperry* v. *Pond case* it does not appear whether the deed was one of gift or one of purchase, but we think it can make no difference, a valuable consideration affects only the construction of a deed in case of the use of doubtful terms; where the terms are clear the presumption is that the consideration expressed in the deed represents the value of the title actually conveyed, and it may be added, as in the

case of *Sperry* v. *Pond,* that the operation of the schools on the sites provided would increase the value of the grantor's farm and be a benefit to the grantor and that this fact would also enter into a consideration for the deed. The case of *Sperry* v. *Pond* has never been criticised or overruled in this state, and is in harmony with the weight of authority in English and American jurisprudence. We are, therefore, of opinion that the title ended when the Board of Education abandoned the use of the site for schoolhouse and school purposes, and that the heirs of the grantor then acquired the right to enter and possess the property, subject only to the right to remove the fixtures, as held in the *May case.*

Ellen Phillips was one of the original heirs and had a right to re-enter as one of the representatives of the deceased grantors, and to protect the interests which she acquired by inheritance. Whether the other heirs and tenants in common could assign their interest, sometimes denominated "A possibility of reverter," to a stranger, we are not called upon to decide. We think they had a right to release to their cotenant. This principle is involved in the case of *Jeffers* v. *Lampson,* 10 Ohio St., 102, and is sustained by the characteristic opinion of Brinkerhoff, C. J. While the facts of that case are somewhat different, we think the principle of the case and the reasoning of Judge Brinkerhoff are applicable.

What was said in the *May case* as to the centralization of the district applies to this case. Under the undisputed facts stated in the pleadings the prayer of the Board of Education to quiet title will

be denied and its interest will be confined to a removal of the trade fixtures within the time above specified.

*Decree accordingly.*

FERNEDING and KUNKLE, JJ., concur.

Judges of the Second Appellate District, sitting in place of Judges MIDDLETON, WALTERS and SAYRE of the Fourth Appellate District.