**BURDETTE, ET AL., Plaintiffs, v. JONES, ET AL., Defendants.**

Common Pleas, Tuscarawas County.

No. 28024.    Decided January 30, 1947.*
(*—No appeal taken.)

A. B. Cunningham, Prosecuting Attorney, New Philadelphia, for plaintiffs.

J. Alvin O'Donnell and Charles E. LaPorte, Uhrichsville, for defendants.

## OPINION

By LAMNECK, J.:

This is an action for a declaratory judgment in which the plaintiffs, as the members of the Board of Education of Rush Township in this county, ask the Court to construe a deed of conveyance to said board dated June 29, 1881, from Jacob Houck and Margaret J. Houck for 144 square rods of land on which a schoolhouse was constructed and where a school was conducted until the spring of 1930. The plaintiffs also ask the Court to determine whether or not they have the right to sell and dispose of the building erected on said premises.

The defendants who refuse the plaintiffs admittance to said building, have demurred to the petition on the ground that it does not state a cause of action and for the further reason that the statute of limitations has run as to the commencement of this action.

The pertinent parts of said deed read as follows:

594

"Witnesseth That the said parties of the first part in Consideration of Five Dollars to them duly paid before the delivery of hereof have bargained and sold and by these presents do grant and convey to the party of the second part, its successors and assigns as long as the same shall be used for school purposes, the following described premises: "——————" with the appurtenances and all the estate, title and interest of the said parties of the first part herein, and the said parties of the first part do hereby covenant and agree with the said party of the second part that at the time of the delivery hereof the said parties of the first part were the lawful owners of the premises above granted and seized thereof in fee simple absolute and that they will warrant and defend the above granted premises in the quiet and peaceful possession of the said party of the second part and its successors and assigns during the time above mentioned."

In the numerous cases that have been decided by the courts throughout the United States on the subject of conditions or limitations contained in a deed, it is the general rule that a mere statement in a deed that property is conveyed for a certain purpose is not construed as a condition or limitation of the grant (44 L. R. A. (N.S.) 1222).

Such general statements which generally appear subsequent to the granting clause of a conveyance, are not considered as a condition subsequent when all of the estate was conveyed in the granting clause unless the deed contains a provision for reversion or forfeiture for violation of the condition **(In re Church, 120 Oh St 309, 166 N. E. 218).**

But when there is a limitation or condition in the granting clause itself which imports a forfeiture, no clause of re-entry or forfeiture is necessary because all of the estate is not conveyed in the granting clause.

In the instant case the conveyance contains no habendum clause, nor is there any provision for a reversion or forfeiture.

The granting clause "bargained and sold, and by these presents do grant and convey to the party of the second part, its successors and assigns as long as the same shall be used for school purposes," and the warranty clause provided that the grantors would "warrant and defend ——————— during the time above mentioned."

In State v Brown, 27 N. J. 13, a deed conveyed certain premises "as long as used for a canal" and it was held that the grantees took a qualified fee liable to be defeated whenever they cease to use the land for the purpose specified in the grant.

In **Sperry v Pond**, 5 Ohio 387, 24 Amer. Dec. 296, where a deed conveyed premises to be enjoyed and occupied by the grantee, his heirs and assigns "so long as he ———— shall keep a sawmill and gristmill doing business on the premises, allowing, however, all necessary time for repairs, and no longer," it was held that the grantee forfeited the estate when he no longer operated a sawmill or gristmill.

In **Schurch v Harraman**, 47 Oh Ap 383, 191 N. E. 907, where the granting clause of a deed conveyed land to church trustees "as long as used for church purposes," it was held that these words were a conditional limitation in the grant, and that the grantees took a base or qualified fee or determinable fee which was terminable on the abandonment of the property for church purposes.

The Court is of the opinion that the grant in the deed in the instant case is in the form of a limitation or conditional grant, and that a fee simple title did not.pass. In the absence of an habendum clause the stipulation in the granting clause, "grant and convey to the party of the second part, its successors and assigns as long as the same shall be used for school purposes," was a limitation on the grant and not a condition subsequent, and is effective although there was no provision for forfeiture or reversion.

The instrument of conveyance amounted to the grant of a license to use the property so long as it was used for school purposes, and upon abandonment of the use of the land for school purposes the heirs of the grantor had an immediate right of entry.

It has been held that a board of education may remove school buildings as trade fixtures from land reverting to heirs of a grantor when such land is no longer used for school purposes within a reasonable time after the abandonment of the premises. One year has been held to be a reasonable time. (See **Phillips v Board of Education**, 12 Oh Ap 456, and Wittenmeyer v Board of Education, 10 O. C. C. 119.)

In addition, §11224, paragraph 2, GC, limits actions to recover personal property to four years after the cause thereof accrued.

The allegations of the petition being such that they show that the plaintiffs have no interest in the land or building described in the petition, it is ordered that the demurrer be sustained. And the plaintiffs not desiring to plead further, it is ordered that final judgment be rendered for the defendants.