BOARD OF COUNTY COMMISSIONERS OF VAN WERT COUNTY *v.* CONSOLIDATED RAIL CORPORATION.

(No. CV 82-11-113—Decided
December 30, 1983.)

Court of Common Pleas of
Van Wert County.

*Mr. Stephen E. Keister,* prosecuting
attorney, for plaintiff.
*Messrs. Bieser, Greer & Landis* and
*Mr. Edward H. Siddens,* for defendant.

WALTERS, J. Plaintiff, Van Wert
County Board of Commissioners, filed
its complaint on November 30, 1982
alleging that a piece of property located
adjacent to the Van Wert County Court-
house was deeded on August 7, 1981 to
the Pittsburgh, Ft. Wayne and Chicago
Railway Co., which conveyance was sub-
ject to a reversion in that said transfer
was "so long as said strip may be re-
quired or used for passenger station pur-
poses only; but in the event that said
strip shall be finally vacated and aban-
doned for passenger station purposes,
then, and in that event the same shall
revert to Van Wert County"; and that
the real estate has been vacated and
abandoned for such purposes; and pray-
ing for a declaratory judgment ordering
the property reverted to the county. The
defendant, Consolidated Rail Corpora-
tion ("Conrail"), the successor in in-
terest to the Pittsburgh, Ft. Wayne and
Chicago Railway Co., admits that on or
about April 30, 1971, passenger trains
ceased stopping at the property in ques-
tion for the purpose of permitting
passengers to enter or leave passenger
trains.

It is the opinion of the court that a
finding must be made in favor of the
county based upon the following:

(1) the limiting phrase contained in
the habendum clause of the deed, along
with a reverter clause, was specific as to
the limitation, purpose and forfeiture;

(2) the intent of the limiting phrase,
while clear within the "four corners" of

the deed, is further supported by official
transcripts of the commissioners' jour-
nal which express the intent to "lease"
the property to the railroad, and when
the stated purpose is over, to have the
property returned to the county;

(3) the defendant admits that the
property is no longer being used for
passenger station purposes, said usage
having ceased finally on April 30, 1971;
and

(4) plaintiff is not barred by the
statute of limitations provision of R.C.
2305.04.

R.C. 5302.04 provides that a con-
veyance of an estate shall be deemed to
include all rights, easements, privileges
and appurtenances unless the contrary
is stated in the deed. An estate which
descends as a fee simple but which may
or will terminate is generally known as a
"qualified fee." Among qualified fees,
there are generally three types, the
classification of which depends upon the
manner in which the estate may or will
terminate. A "fee simple determinable"
is created by an instrument providing
that the estate shall automatically ter-
minate upon the happening of a stated
event. 41 Ohio Jurisprudence 3d (1983)
443, Estates, Section 15.

In determining whether the present
conveyance is a fee simple determinable,
we must first ascertain the intent of the
parties at the time of the conveyance,
for it is an accepted principle of con-
struction that all doubts will be resolved
against a finding that such an estate ex-
ists. In the present case, the deed in
question states in the habendum clause,
in very plain language, that the defen-
dant's title will be defended "for so long
as said strip may be required or used for
passenger station purposes *only*" (em-
phasis added) and then continues with
the reverter language stating, "but in
the event that said strip shall be finally
vacated and abandoned for passenger
station purposes, then, and in that event
the same shall revert to Van Wert Coun-

ty." The court finds that this language alone would sufficiently express the intent to convey a determinable fee; however, there is further evidence presented to support this intent. Prior to the grant in question, the commissioners journalized a resolution which speaks of the grant as a "lease" to the railroad and further states, "said ground to be used solely for [passenger] depot purposes and to revert to county when said Pittsburgh, Ft. Wayne and Chicago Rail Road Company cease [*sic*] to so use it."

Therefore, having found that a fee simple determinable was in fact intended, we must determine whether it was properly created. It is generally accepted that a bare statement within a deed specifying a use and nothing more will fail to create a qualified fee. Generally, the usage of the magic words "so long as" will be sufficient to create a determinable fee; however, in Ohio, a much cited case, *In re Copps Chapel Methodist Episcopal Church* (1929), 120 Ohio St. 309, has held otherwise. The syllabus of *Copps Chapel* states that the usage of these words in the habendum clause, "without any provision for forfeiture or reversion," will not serve to limit or qualify the grant. Thus, in Ohio, it is necessary, in order to create a fee simple determinable, that there must be the limiting words, such as "so long as," and if these words are contained in the habendum clause rather than in the granting clause, then there must also be a provision for forfeiture or reversion. The court finds that both exist in the present case and that, therefore, there exists a fee simple determinable.

The next consideration is whether the qualifying event recited in the limiting phrase has occurred. The two phrases used in the deed in question are: "so long as said strip may be required or used for passenger station purposes only" and "in the event that said strip shall be finally vacated and abandoned for passenger station purposes." The defendant argues that the property has not been finally vacated and abandoned for passenger station purposes because it stands ready, willing and able to use the property for such purposes. This argument is fatuous since by defendant's own admission no passenger trains have stopped at the depot since April 30, 1971, or nearly thirteen years ago. The court further takes notice that Conrail is not in the passenger transportation business and it is not anywhere argued that Conrail stands ready to reinstitute such business. The defendant might likewise argue that it stands ready to utilize the premises for any number of purposes which are either impossible or highly unlikely, but the truth is that rail passenger service in this country has declined to a near nonexistence in non-metropolitan areas, and that its revival is a most unlikely event for the future. Conrail does admit that it uses this property for other purposes related to the operation of the railroad, but none of these has anything to do with providing the citizens of Van Wert County with rail passenger service. The Van Wert County Board of Commissioners granted this property to the railroad for one purpose only, and that was for the strategic location of a passenger terminal, and this property has not been so used for many years by the defendant. In fact, when the railroad was still in the passenger business and maintained the passenger depot at this location, the railroad had at least two other locations in the city of Van Wert where the freight, signal maintenance and other functions of the railroad were housed. The railroad should not now complain that since it has disposed of these other facilities, presumably profitably, that it should not be deprived of premises which it bargained away from the county for the sole purpose of using these premises as a passenger depot. The court therefore finds that the event

specified in the deed, being the abandonment of the premises for passenger station purposes, has occurred and that the forfeiture provisions contained in the deed should now be enforced.

The defendant further argues that the appropriate statute of limitations to be applied in this case is that of ten years, contained in R.C. 2305.14. This argument is based upon a statement contained in the case of *Williams* v. *Haller* (1912), 13 Ohio N.P. (N.S.) 329.

The *Williams* case can be distinguished from the present situation in many respects and the court finds that holding not to be applicable to this case. The court finds that an action to enforce a reverter is similar to an action in adverse possession and that the proper statute of limitations would be found in R.C. 2305.04, being twenty-one years, and that this action was brought well within the applicable time period.

*Judgment for plaintiff.*