**WALKER et al., Appellants,**

**v.**

**LUCAS COUNTY BOARD OF COMMISSIONERS et al., Appellees.**

[Cite as *Walker v. Lucas Cty. Bd. of Commrs.* (1991), 73 Ohio App.3d 617.]

Court of Appeals of Ohio,
Lucas County.

No. L–90–265.

Decided June 21, 1991.

618

*Charles M. Boss,* for appellants.

*James N. Turner, Daniel J. McCormick, B. Gary McBride, Teresa L. Grigsby, Edward Ritenour* and *Carl F. Dorcas,* for appellees.

---

ABOOD, Judge.

This is an appeal from a summary judgment granted by the Lucas County Court of Common Pleas which dismissed appellants' complaint to enjoin the sale of certain railroad property situated in Adams Township. Appellants set forth three assignments of error in support of their appeal:

"I. It was error for the trial court to grant appellee's motion for summary judgment on claims one and two of appellants' complaint since clear and unambiguous limiting language in the granting clause of the deeds conveying the real property in question to appellee Waterfront Electric Railway's predecessor in interest conditioned the title of the property upon its use for railway purposes, and the proposed conveyance of the property to appellee Lucas County Commissioners for the purpose of constructing a bikeway violates that condition.

"II. The trial court erred in granting appellees summary judgment on claims one and two of appellants' complaint for the alternative reason that the conditional language in the granting clauses of original deeds created a covenant upon the land prohibiting its use for anything other than railway purposes.

"III. It was error for the trial court to grant summary judgment for appellees on claims three, four, five, and six of appellants' complaint since appellees, as the moving parties under Civil Rule 56, failed to present any evidence or facts in support of their motion."

The undisputed facts that are relevant to a determination of the issues raised by this appeal are as follows. During August and September 1902, the Toledo, Angola and Western Railway Company ("T.A. & W. Ry. Co."), predecessor to the Waterfront Electric Railway Company ("Waterfront"), obtained title to various parcels of land by deed from various property owners. Each deed set out the name of the grantor or grantors and the grantee, that valuable consideration was given and that the grantor or grantors "Bargain, Sell and Convey" to the grantee, its heirs and *" * * * assigns, forever, the following Real Estate, viz: * * *." In some of the deeds the word "heirs" was put in quotation marks and in others was crossed out. The real estate was then described and, immediately following the property description, in a separate sentence in the same paragraph, the following words appeared:

"This grant is upon the express condition that said property shall be used for the purpose of constructing, operating and maintaining thereon railway tracks, structures, apparatus and appliances."

Thereafter, appeared the words "To Have and to Hold * * *."

Waterfront has now contracted to sell and convey these parcels to appellee,[1] who desires to construct, operate and maintain a bicycle trail which, when completed, would be open for use to the public. On September 29, 1989 and October 25, 1989, appellants filed a class action complaint and an amended complaint, respectively, on behalf " * * * of all persons who presently own or will own real property adjacent to and abutting * * *" the Waterfront property, which complaints sought to enjoin the sale of the Waterfront property to appellee. The complaints alleged six claims for relief, the first

---

1. "Appellee" herein refers to the Board of Commissioners of Lucas County who, by resolution, agreed to purchase the subject parcels from Waterfront. It should be noted, however, that the list of defendants is extensive and includes the board, its members, the city of Toledo and various political offices and officers as well as offices and officers of the Metropolitan Park District of the Toledo area. For simplicity, and since it has no effect on the issues raised herein, the above parties will be referred to in the singular throughout this opinion as "appellee."

two of which claimed that the original grant of the railroad property to Waterfront's predecessor in title conveyed a fee simple subject to a condition subsequent with a right of re-entry in appellants when the property ceased to be used for railway purposes; claims 3 through 6 alleged that the use of the railway property as a bike-way will create safety hazards, result in loss of property values, violate zoning regulations and result in irreparable damage to appellants. On April 13, 1990, the parties filed a joint stipulation as to the limited certification of a class composed of "[a]ll owners of real property located adjacent to and abutting property owned by the Water Front [*sic*] Electric Railway Company which owners' origin of title derives from" certain seminal granting deeds that are under consideration here, " * * * for the purpose of determining the class members' standing to litigate and resolve the issues * * *." On May 3, 1990, appellee filed a motion for summary judgment as to all claims for relief asserted in appellants' first amended complaint and appellants filed a motion for partial summary judgment as to their first two claims for relief. On May 17, 1990, each party filed a memorandum in opposition to the motion for summary judgment of the other and both parties filed replies. On July 20, 1990, the trial court filed its judgment entry in which it denied appellants' motion for summary judgment, granted appellee's motion for summary judgment and dismissed appellants' complaint with prejudice. It is from this judgment that appellants bring this appeal.

### A. The Instrument of Conveyance

In their first two assignments of error, appellants contend that the trial court erred in granting summary judgment to appellee on the amended complaint's first two claims for relief. In support, appellants argue that the limiting language in the granting clause of the 1902 deeds to Waterfront's predecessor created a fee simple subject to a condition subsequent interest in each respective parcel which gives appellants a right of re-entry when the property is no longer used for railway purposes. Alternatively, appellants argue that the conditional language contained in the granting clauses of the original deeds created a covenant upon the land which prohibits its use for anything other than railway purposes.

Appellee responds: (1) appellants lack standing because any future interests created by the deeds were inalienable; (2) appellants lacked standing because the deeds lack words of inheritance or perpetuity; (3) the deeds conveyed an indefeasible fee simple interest to the railroad; (4) the deeds did not create a covenant upon the land prohibiting its use for anything other than railway purposes; and (5) appellants have waived their right to contend that the conditional language in the deeds created a restrictive covenant by failing to raise the issue in the trial court.

■ The issue presented here is whether the language used in the original deeds of conveyance, " * * * upon the express condition that said property shall be used for the purpose of * * * railway tracks * * *," is sufficient to create a condition subsequent which grants a right of re-entry in favor of appellants and, if a condition subsequent was not created, whether said limiting language is sufficient to create a covenant, enforceable by appellants, which runs with the land.

"A fee simple is the highest right, title and interest that one can have in land. It is the full and absolute estate in all that can be granted." *Masheter v. Diver* (1969), 20 Ohio St.2d 74, 49 O.O.2d 350, 253 N.E.2d 780, paragraph one of the syllabus.

"The term 'qualified fee' is used to designate those fees which descend as fees simple but which will, or may, terminate or be subject to termination upon the occurrence of a stated event. Such fees include fees simple determinable, [and] fees simple subject to condition subsequent * * *." *Long v. Long* (1976), 45 Ohio St.2d 165, 171, 74 O.O.2d 287, 290, 343 N.E.2d 100, 104.

In *Waldock v. Unknown Heirs* (June 7, 1991), Erie App. No. E–89–53, unreported, at 7–9, 1991 WL 97317, this court stated:

"Whether a conveyance by deed amounts to an indefeasible fee or a qualified fee is also dependent upon the intention of the grantor taken from the four corners of the conveying instrument. *In Re: Copps Chapel Methodist Episcopal Church* (1929), 120 Ohio St. 309, 315 [166 N.E. 218, 220]; *Larwill v. Farrelly* (1918), 8 Ohio App. 356, 360. The inclusion of the traditional words, therefore, will not always result in the creation of a qualified fee. The Supreme Court of Ohio has held that:

" 'Where a quitclaim deed, for valuable consideration, conveys to trustees of an unincorporated church association certain real property, "To have and to hold * * * unto the said grantees and their successors * * * so long as said lot is held and used for church purposes," without any provision for forfeiture or reversion, such statement is not a condition or limitation of the grant. Since the deed contains no provision for reversion or forfeiture, all of the estate of the grantor was conveyed to the grantees.' *In Re: Copps Chapel, supra,* at the syllabus.

"The holding of *Copps Chapel,* however, is limited to the factual situation in which the granting clause contains no words of limitation or reversion, the only words of limitation appear in the *habendum* clause, and the deed contains no words of reversion. If both limiting and reversionary language appear in the granting clause, a qualified fee is created. *May v. Board of Education* (1920), 12 Ohio App. 456, paragraph one of the syllabus. Where the granting clause contains no words of condition, forfeiture, reversion or re-

entry and the only words of limitation appear in a prefatory clause describing the purpose of the acquisition, an indefeasible fee simple is conveyed. *Little Miami, Inc. v. Wisecup* (1984), 13 Ohio App.3d 239 [13 OBR 292, 468 N.E.2d 935], at the syllabus. Where the granting clause contains restrictive words relating to the use and the *habendum* clause contains words of limitation and reversion, forfeiture occurs upon abandonment for the stated purposes. *Crouse v. Board of Education of Green Twp.* (1920), 12 Ohio App. 481. Where the granting clause contains limiting words such as 'as long as' or 'so long as' and no words of reversion appear in the deed, a qualified or determinable fee only is conveyed. *Burdette v. Jones* (1947), 34 O.O. 488 [72 N.E.2d 152], paragraph one of the syllabus; *May, supra,* paragraph two of the syllabus; *Schurch v. Harraman* (1933), 47 Ohio App. 383 [191 N.E. 907], paragraph three of the syllabus. Where the granting clause contains no words of limitation or reversion and the *habendum* clause contains words of both limitation and reversion, only a qualified or limited fee is conveyed. *Bartholomew v. Rothrock* (1935), 20 Ohio Law Abs. 513, paragraph three of the syllabus; *Board of Education of Lebanon Village School Dist. v. Hollingsworth* (1936), 56 Ohio App. 95 [9 O.O. 1, 10 N.E.2d 25] (the words 'and no longer' expresses an intention on the part of the grantor to provide for a reverter and forfeiture); *Burdette, supra* [34 O.O.], at 488 [72 N.E.2d 152]; *Bd. of Van Wert Cty. Commrs. v. Consolidated Rail Corp.* (1983), 14 Ohio Misc.2d 4 [14 OBR 72, 469 N.E.2d 1361], paragraph two of the syllabus."

No Ohio court has considered the issue of whether the words "upon the express condition," when inserted in the granting clause of a deed of conveyance, have the same operative effect as do the words "as long as" or "so long as" when inserted in the granting clause.

■ In Ohio, bare words of limitation or qualification or mere statements of purpose, though they appear in the granting clause of a deed, do not create a qualified fee without other language in the deed indicating avoidance, forfeiture, reversion or re-entry. *Miller v. Brookville* (1949), 152 Ohio St. 217, 219–222, 40 O.O. 277, 278–280, 89 N.E.2d 85, 86–87.

"Hence a condition will not be raised by implication from a mere declaration in the deed that the grant is made for a special and particular purpose, without being coupled with words appropriate to make such condition." *Copps Chapel, supra,* 120 Ohio St. at 314, 166 N.E. at 220.

It has been held, therefore, that the following words are bare words or mere statements of purpose: "in perpetuity for a park and pleasure ground purposes," *Miller, supra;* "for the use and sole purpose of the Catholic church," *Larwill, supra;* "shall not at any time use or occupy * * * for any

other purpose * * * than * * * religious," *Village of Ashland v. Greiner* (1898), 58 Ohio St. 67, 50 N.E. 99.

If, however, apt and appropriate words are used in the granting clause, no words of forfeiture or re-entry are necessary. *Burdette, May,* and *Schurch, supra.* "Where the language employed declares a condition and imports a forfeiture, a clause of re-entry is not necessary * * *." *Copps Chapel, supra,* 120 Ohio St. at 314, 166 N.E. at 219. " 'The words "so long as," "until," or "during the time that" usually are appropriate to create a determinable fee. The words "but if," "in the event that," "provided that," and terms indicating that an estate is conveyed or devised "on condition" are typical of the fee simple on condition subsequent.' " *Waldock, supra,* at 7, quoting 41 Ohio Jurisprudence 3d (1983) 444–445, Estates, Section 17.

 Upon the breach of a condition subsequent, the existing estate is destroyed and the title to the premises revests as before the conveyance, provided that the holder of the reversionary interest takes the proper steps to consummate the forfeiture. 28 American Jurisprudence 2d (1966) 287, Estates, Section 161. A reversionary interest, however, is not an interest that attaches to land, but rather is the residue of an estate that is left in the grantor. Upon termination of a qualified fee, the land conveyed reverts to a person and not the other land. 28 American Jurisprudence 2d, *supra,* at 298–299, Section 171. In order, therefore, for an owner of property, which abuts property owned by the railroad in fee, to have a right of re-entry in the railroad property upon the breach of the condition subsequent, he must show, as does any person claiming a reversionary interest in property, that he has at some time acquired the reversionary interest. One does not acquire a reversionary interest solely by virtue of being an owner of property which abuts property held by a railroad in fee. *Waldock, supra,* at 9, 11. For the railroad property to revert to him, the abutting property owner would have to show either, (1) that the interest held by the railroad is merely an easement, (2) that he was granted premises that are described as inclusive of the railroad property without such railroad property having been excluded or reserved from the grant, or (3) that he has acquired the reversionary interest by some other conveyance. *Id.* at 11.

 Upon consideration of the foregoing, this court finds: (1) the limiting language appearing in the various deeds to Waterfront's predecessor was in the granting clauses of each respective deed; (2) where the language "upon the express condition" is used in a deed, a clause of re-entry or forfeiture is not necessary to create a qualified fee so long as such language appears in the granting clause, since such language declares a condition and imports a forfeiture; (3) the deeds to Waterfront's predecessor create in

Waterfront a fee simple subject to a condition subsequent; (4) the condition subsequent occurs when the property conveyed ceases to be used for the purpose of "constructing, operating and maintaining thereon railway tracks, structures, apparatus and appliances"; (5) the parcels conveyed are no longer used for railway purposes; (6) appellants presented no evidence that the reversionary interests in the railway property were conveyed to them or their predecessors in title by the original grantors or their heirs, but only that they own property adjacent to or abutting the railroad's land; (7) as to whether appellants possess a right of re-entry in the abutting railroad property, there remains no genuine issue as to any material fact and, when construing the evidence that was before the trial court most strongly in favor of appellants, appellee is entitled to judgment as a matter of law.

Having found that the railroad's interest is a qualified fee but that, in this case, appellants have not acquired any reversionary interest, it is unnecessary to determine whether rights of re-entry are alienable.

Accordingly, appellants' first and second assignments of error are found not well taken.

### B. Remaining Claims

In the third claim for relief set forth in the first amended complaint, appellants alleged that the proposed bike-way will create safety hazards for appellants, users and the general public. In the fourth claim, appellants alleged that the bike-way will result in monetary damages and loss of property values to appellants. In the fifth claim, appellants alleged that the proposed use of the bike-way " * * * would, for the most part, violate the zoning regulations * * *." In the sixth claim, appellants alleged that they will be irreparably damaged and that they have no adequate remedy at law.

In its motion for summary judgment, appellee contended that appellants' fifth claim for relief based on violation of zoning regulations was not ripe for adjudication. In support, appellee argued: (1) that governmental entities with the power of eminent domain need not comply strictly with local zoning restrictions and need not follow local zoning procedures; (2) the county may not be prevented from acquiring the property for the trail unless the zoning regulations completely prohibit use of land for park and recreational purposes; and (3) the landowning authority must be permitted a reasonable effort to comply with zoning regulation and, if it cannot do so, the interests of the two governmental entities must be balanced by the court. As to appellants' third claim for relief based on safety hazards, appellee contended that this claim does not state a claim upon which relief can be granted. In support, appellee argued that as a matter of law: (1) the allegations of the amended complaint do not meet the minimal pleading requirements of Civ.R. 8; (2) the allegations

must fail if based on a nuisance theory because the conversion of property from use for railroad purposes to bicycle and pedestrian purposes is not an unreasonable use and because uses of property authorized by competent legal authority cannot constitute a nuisance; (3) the allegations must fail if based on a negligence theory because the mere exercise of ownership rights over one's property, without a showing that such exercise breached a duty, is not actionable, and because no injury has occurred. As to appellants' claim for monetary damages, appellee argued that an award of damages would be speculative.

Appellants responded as to the zoning claim that appellee cannot " * * * be permitted to recklessly purchase property which has a cloud on title. In the event that the title issue is decided in favor of the plaintiffs, the defendants will then be * * * appropriating the rights of reverter held by a considerable number of plaintiffs." With regard to the remaining claims, appellants argued that such issues are not premature because "[n]ewspaper articles and word of mouth stories [relating] how a supposedly innocent bike-way inhabited by health enthusiasts and nature lovers can be corrupted into a dragstrip for motorcycles and a fast getaway for break-in artists and vandals and an excuse for persons using the bike-way to trespass upon adjacent properties, make the plaintiffs vitally interested in the entire project."

In its judgment entry, the trial court held that:

"Even though the defendants have not supported their motion with evidence negating these four claims, they have fulfilled their burden under Civ.R. 56 by making specific reference to those aspects of the plaintiffs' claims that are unsupported by sufficient evidence. See *Hodgkinson v. Dunlop Tire & Rubber Corp.* (1987), 38 Ohio App.3d 101, 102 [526 N.E.2d 89, 90]; *Paul v. Uniroyal Plastics Co.* (Dec. 2, 1988), Lucas App. No. OT–88–17 [62 Ohio App.3d 277, 575 N.E.2d 484], unreported. As defendants have pointed out, the plaintiffs have not produced even a scintilla of evidence in support of their allegations contained in claims three through six. The non-moving party may not rely on his pleadings alone, and summary judgment is proper in the absence of any evidence disputing the allegations of the moving party. *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 325 [106 S.Ct. 2548, 2553, 91 L.Ed.2d 265, 275]; *Savransky v. Cleveland* (1983), 4 Ohio St.3d 118, 119 [4 OBR 364, 365, 447 N.E.2d 98, 99]. Accordingly, defendants are also entitled to summary judgment as a matter of law as to claims three through six of plaintiffs' complaint."

This court has thoroughly examined the entire record in this case and considered the law which relates to the issues raised by this portion of the appeal. Upon consideration thereof, this court finds that appellants had

ample opportunity for discovery prior to the filing of the motion for summary judgment, did not request or identify further discovery, did not state sufficient reasons why they could not present facts to justify their opposition pursuant to Civ.R. 56(F) and, therefore, "[n]o serious claim can be made that respondent was 'railroaded' by a premature motion for summary judgment * * *." *Celotex, supra*, 477 U.S. at 318, 106 S.Ct. at 2550, 91 L.Ed.2d at 270. This court is compelled, therefore, to conclude that the findings, opinion and judgment entry of the trial court as it pertains to the issues raised by this portion of the appeal is a proper recitation and application of the law to the facts of this case and that said judgment is correct.

Accordingly, appellants' third assignment of error is found not well taken.

On consideration whereof, this court finds that substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Costs assessed against appellants.

*Judgment affirmed.*

HANDWORK, P.J., and GLASSER, J., concur.