JOURNAL ENTRY AND OPINION
Appellant Diana Schreck, Executrix of the Estate of John H. Schreck challenges the order of the domestic relations court which denied her request to enforce language in the separation agreement between John H. Schreck and his former wife, Sharon. For the reasons set forth below, we affirm.
The record reveals that John H. Schreck and Sharon Schreck were married on October 30, 1971. In October 1980, the parties entered into a separation agreement which provided in relevant part as follows:
 REAL ESTATE The marital home, located at 4951 East 141st Street, Garfield Hts., Ohio shall remain in the joint names of the Husband and Wife. The Wife shall have the exclusive use, occupancy and possession of said marital home and shall be responsible for any and all mortgage payments, taxes, insurance and utilities, holding the Husband harmless against same.
 The Wife is to make payments until her death, remarriage, or if a male, not a relative, continuously resides with her, or until the youngest child reaches the age of 18, whichever event shall occur first, at which time the marital home shall be sold forthwith and the equity therefrom shall be divided equally between the parties.
On January 9, 1981, the parties were granted a dissolution of marriage pursuant to an order in which the court determined that the terms of the separation were fair, just and equitable and ordered into effect.
The record further indicates that in May 1981, John Schreck quit-claimed his interest in the marital property to his former wife, Sharon.
John Schreck subsequently married appellant. The minor children of John and Sharon were emancipated by March 1997, and John died in 1999. On March 6, 2001, appellant filed a motion to substitute the Estate of John Schreck in the within action and to enforce the terms of the separation agreement requiring Sharon to sell the marital home and divide the equity with the estate of John Schreck. Appellant did not provide the court with a copy of the quit-claim deed which John had executed. Rather, appellant submitted for the court an affidavit in which Sharon averred as follows:
 On this 9th day of May, 1981 I received from JOHN H. SCHRECK, my ex-husband a Quit Claim Deed to the property located at 4951 East 141st Street, Garfield Hts., Ohio 44125. I hereby acknowledge before witnesses that this Quit Claim transfer was for the sole purpose of enabling me to qualify for a block grant to repair recently assessed building code violations and that in no way does this transfer, by JOHN, alter or compromise his rights to share in the proceeds, as agreed in our dissolution, from the sale of the house.
On March 27, 2001, the trial court denied appellant's motion without a hearing. Appellant raises two assignments of error for our review.
Appellant's first and second assignments of error are interrelated and state:
 THE TRIAL COURT'S DISMISSAL OF APPELLANT'S MOTION TO ENFORCE SEPARATION AGREEMENT AND FOR SUBSTITUTION OF PARTIES WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 THE TRIAL COURT'S DENIAL OF APPELLANT'S MOTION TO ENFORCE SEPARATION AGREEMENT AND FOR SUBSTITUTION OF PARTIES WAS CONTRARY TO LAW.
Within these assignments of error, appellant insists that because Sharon Schreck executed an affidavit which purported to grant John an interest in the property notwithstanding his execution of a quit-claim deed to her, the trial court erred in failing to hold an evidentiary hearing and in failing to recognize the estate's interest in the marital property. These claims are without merit.
With regard to procedure, we note that if a party fails to allege operative facts, then a dismissal of a motion without an evidentiary hearing is warranted and the trial court would not abuse its discretion in so doing. Cf. Salem v. Salem (1988), 61 Ohio App.3d 243.
With regard to the substantive law, we note that R.C. 5302.04 provides as follows:
 In a conveyance of real estate or any interest therein, all rights, easements, privileges, and appurtenances belonging to the granted estate shall be included in the conveyance, unless the contrary is stated in the deed* * * *.
In Bd. of Van Wert Cty. Commrs. v. Consolidated Rail Corp. (1983),14 Ohio Misc.2d 4, the court explained the effect of this statute as follows:
 R.C. 5302.04 provides that a conveyance of an estate shall be deemed to include all rights, easements, privileges and appurtenances unless the contrary is stated in the deed. An estate which descends as a fee simple but which may or will terminate is generally known as a "qualified fee." Among qualified fees, there are generally three types, the classification of which depends upon the manner in which the estate may or will terminate. A "fee simple determinable" is created by an instrument providing that the estate shall automatically terminate upon the happening of a stated event. 41 Ohio Jurisprudence 3d (1983) 443, Estates, Section 15.
R.C. 5302.11 provides in relevant part as follows:
 "when duly executed . . . has the force and effect of a deed in fee simple to the grantee but without covenants of any kind on the part of the grantor."
Pursuant to these statutes, any reservation of rights must be listed within the quit-claim deed. Accord Matzek v. Matzek (Dec. 22, 1988), Cuyahoga App. No. 54401, unreported. In dealing with similar facts, the Matzek Court stated as follows:
 We find that the appellant-husband, Ralph Matzek, by virtue of his quit-claim conveyance to the appellee-wife, Adele Matzek, relinquished all of his interest in the former marital residence of the parties and that, as a result of his delay in bringing his claim, he likewise relinquished all interest in the proceeds from the sale of the Stone Road property, notwithstanding the trial court's original judgment entry ordering the division of the proceeds from the sale of the property.
 Additionally, we find the doctrine of laches to be applicable in this case "Laches is an omission to assert a right for an unreasonable and unexplained length of time, under circumstances prejudicial to the adverse party. It signifies delay independent of limitations in statutes. It is lodged principally in equity jurisprudence." Connin v. Bailey (1984), 15 Ohio St.3d 34, 35.
In this case, appellant did not provide the trial court with a copy of the quit-claim deed, and indicated only that John had actually retained his rights in the property pursuant to Sharon Schreck's affidavit. Appellant therefore failed to set forth operative facts which would warrant relief and the trial court therefore did not abuse its discretion in denying the motion without an evidentiary hearing.
The assignments of error are without merit.
Affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN P.J., CONCURS. COLLEEN CONWAY COONEY, J., DISSENTS (SEE ATTACHED DISSENTING OPINION)